**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**SHANRIE COMPANY, DAN SHEILS,**
**NETEMEYER ENGINEERING**
**ASSOCIATES, INC., AND THOUVENOT,**
**WADE & MOERCHEN, INC.,**

**Defendants.**                                                    **No. 05-CV-306-DRH**

**MEMORANDUM AND ORDER**

**HERNDON, District Judge:**

**I.  Introduction and Background**

Before the Court is a motion submitted by Defendants Shanrie

Company, Dan Sheils, and Netemeyer Engineering Associates, Inc. (together,

"Defendants")[1] to remand this matter to the U.S. Department of Housing and Urban

Development ("HUD").  (Doc. 22.)  The government's two-count complaint arises

under sections 812(o) and 814(a) of the **Fair Housing Act, 42 U.S.C. §§ 3601-3619**

(the "Act").  A charge of discrimination was originally filed in this case on March 15,

2005.  Pursuant to  **42 U.S.C. § 3612(a)**,[2] Defendants Shanrie Company and Dan

_____

[1] One additional Defendant, Thouvenot, Wade & Moerchen, Inc., is a party
to this case but does not join this motion.

[2] **42 U.S.C. § 3612(a)** provides that "[w]hen a charge [of discrimination] is
filed under [**42 U.S.C. § 3610**], a respondent, or an aggrieved person on whose

Sheils then elected to proceed in federal court.  (Doc. 30, pp. 4-5; McGough Decl., ¶ 13.)  On March 25, 2005, after an Administrative Law Judge terminated the HUD administrative proceeding, the government filed this action.  (Doc. 1.)  Defendants now argue that because they have been "deprived of any meaningful opportunity to settle this Complaint by conciliation," remand to HUD for further conciliation is appropriate. (Doc. 22.)  The government responds in opposition. (Doc. 30.)  For the reasons below, the Court denies Defendants' motion.

## II.  Analysis

### A.     Federal Jurisdiction and 42 U.S.C. § 3610(b)(1)

Under the Fair Housing Act, HUD "shall, to the extent feasible, engage in conciliation" concerning a complaint of discrimination.  **42 U.S.C. § 3610(b)(1)**. Defendants, without citing to this or any other statute, argue that the government violated its duty to "make an objectively reasonable effort to bring about settlement of the charges [of discrimination]," and as such, remand to HUD is proper.  (Doc. 22, p. 2.)  In their view, federal-district-court jurisdiction is inappropriate absent an objectively reasonable effort, on the part of the government, to settle charges of discrimination through conciliation. (Doc. 22, pp. 2-3.)

Defendants rely exclusively on two Sixth Circuit cases — ***Baumgardner v. Secretary*, 960 F.2d 572 (6th Cir. 1992)** and ***Kelly v. Secretary*, 3 F.3d 951**

---

behalf the complaint was filed, may elect to have the claims asserted in that charge decided in a civil action under subsection (o) in lieu of a hearing under subsection (b)."

**(6th Cir. 1993)** — to support their position.  Those cases, however, are readily distinguishable.   Neither addresses the central issue here — whether the government's failure to adequately conciliate requires a federal district court to remand a case to HUD.  Rather, in ***Baumgarder*** and ***Kelly*** the Sixth Circuit considered whether administrative law judges properly considered alleged failures to comply with the Fair Housing Act's procedural conciliation requirement.[3]  Neither case considered the propriety of federal-district-court jurisdiction — as this case does — because neither of the defendants there opted, via **42 U.S.C. § 3612(a)**, to litigate in federal court.    Accordingly, while Defendants are correct that ***Baumgardner*** does imply that a party, under **42 U.S.C. § 3610(b)(1)**, may be entitled to an "objectively reasonable effort by [HUD] to bring about settlement of [a charge of discrimination]," ***Baumgardner*, 960 F.2d at 579**, this statement's relevance does not extend to the federal-jurisdiction context.  Stated differently, ***Baumgardner*** does not hold that a federal district court's jurisdiction is improper in **42 U.S.C. § 3612(o)** cases — such as this one — absent an objectively reasonable effort to conciliate.  Instead, ***Baumgardner*** and ***Kelly*** stand for the proposition that in HUD administrative proceedings, the government shall be held to an objectively reasonable standard under **42 U.S.C. § 3610(b)(1)** with regard to its conciliation

---

[3] The Sixth Circuit's decision emanated from the Fair Housing Act provision that if the parties choose to resolve their disputes through a HUD administrative proceeding, they may appeal directly to the appropriate U.S. Court of Appeals.  **42 U.S.C. § 3612(j)**.

efforts.

Other than **Baumgarder** and **Kelly**, Defendants offer no authority to support their argument that the government's failure to comply with **42 U.S.C. § 3610(b)(1)** should result in a remand back to HUD for administrative proceedings and further conciliation.  Defendants Shanrie Company and Dan Sheils, it should be noted, made an election to proceed in federal court under **42 U.S.C. § 3612(j)**.  Due to that election, HUD administrative proceedings were terminated.  (Doc. 30, pp. 4-5; McGough Decl., ¶ 14.)  Defendants cannot now opt to transfer this matter back to HUD based on an alleged failure to comply with a procedural conciliation requirement that has no bearing in the federal-jurisdiction context.  If Congress had intended **42 U.S.C. § 3610(b)(1)** or any of the other Fair Housing Act procedural requirements to function as a bar to federal-district-court jurisdiction under **42 U.S.C. § 3612(o)**, it could have indicated as much.  It did not.   Accordingly, the relief Defendants seek is improper.  If Defendants desire to pursue a amicable resolution to this matter, they are free and encouraged to do so within the confines of this Court's jurisdiction.  *Accord* **United States v. Hillman Housing Corp.**, 212 **F. Supp. 2d 252, 255 (S.D.N.Y. 2002) (Lynch, J.)** (finding that a failure, by the government, to comply with **42 U.S.C. § 3610(b)(1)**'s conciliation requirement does not function as a bar to a **42 U.S.C. § 3612(o)** suit in a federal court, and characterizing arguments to the contrary as "completely without merit")

**B.     HUD's Conciliation Efforts**

On top of this, even if the Court were, as Defendants urge, to adopt the objectively reasonable test as a measure of this Court's jurisdiction, the Court finds that HUD's conciliation efforts were objectively reasonable in this instance. In addition to **42 U.S.C. § 3610(b)(1)**, which provides that HUD "shall, to the extent feasible, engage in conciliation" concerning a complaint of discrimination, federal regulations indicate that HUD may terminate conciliation efforts "if the respondent fails or refuses to confer with HUD; the aggrieved person or the respondent fail[s] to make a good faith effort to resolve any dispute; or HUD finds, for any reason, that voluntary agreement is not likely to result." **24 C.F.R. 103.325(a)**. Here, HUD indicates that it (1) sent a conciliation agreement to all Defendants, which was rejected; (2) conducted a conciliation meeting with all Defendants; (3) suggested Defendants work together to provide a comprehensive counteroffer; (4) sent a letter to all Defendants indicating that they would accept a counterproposal until a date certain; (5) reviewed a counterproposal submitted after that date by Defendants Shanrie Company and Dan Sheils; and (6) upon review of that counterproposal, determined that there was a substantial difference between the parties as to monetary damages and that additional conciliation was unlikely to be successful.[4] (Doc. 30.) These efforts, at the very least, exceed those the Sixth Circuit found sufficient in ***Baumgarder*** — the case that serves as the basis for Defendants' motion. *See **Baumgardner**, **960 F.2d at 579*** (finding efforts consisting of only of "a phone

---

[4]  Defendants do not contest these facts by way of reply.

call contact and an unsuccessful meeting" to be objectively reasonable conciliation efforts on the part of HUD).  Given these circumstances, even if this Court were to adopt Defendant's proposed test, HUD's conciliation efforts in this instance were objectively reasonable and satisfied the government's obligation under **42 U.S.C. § 3610(b)(1)**.[5]

### III.  Conclusion

Therefore, the Court **DENIES** Defendants' motion to remand this matter to HUD for further proceedings.

**IT IS SO ORDERED.**

Signed this 26th day of January, 2006.


/s/          David RHerndon
**United States District Judge**

---

[5] It should additionally be pointed out that Count II of Defendants' complaint is brought solely pursuant to the government's independent authority under **42 U.S.C. § 3614(a)**, and could not, in any event, be remanded back to HUD for further proceedings.