IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:05-cv-306-DRH |
| | ) | |
| SHANRIE CO., INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This matter is before the Court on discovery disputes between the parties. A telephonic discovery dispute conference was held on March 16, 2006. At the conference, the Plaintiff was represented by Attorneys Julie J. Allen, Laura J. Jones, and Carl Anderson, the Defendants Shanrie Co. Inc. and Dan Sheils were represented by Attorney Theresa L. Kitay, and the Defendant Thouvenot, Wade, & Moerchen, Inc. (TWM) was represented by Attorney Jennifer R. Hargis.

The first dispute concerned discovery requests submitted by Attorney Kitay to chambers on March 10, 2006. As background, this Defendant sought responses to initial discovery requests, notwithstanding the elapsed deadline and the Plaintiff's objections, at an earlier conference held on March 6, 2006. The Court instructed Attorney Kitay to review her requests and submit those requests to which she had not already received responsive answers/documents. Thus, she submitted to chambers interrogatories 4, 6, 7, 10, and 15 and requests to produce 5, 8, and 12.[1] After an initial review of the discovery requests, this Court scheduled this conference and specifically requested the parties to be prepared to discuss whether the requests could be

---

[1] These requests are attached to this order as Exhibit A.

narrowed.

With respect to interrogatories 4 and 7, the Plaintiff indicated that the only aggrieved entity it is currently aware of is the Metropolitan St. Louis Equal Housing Council. The Plaintiff further indicated that it is expecting discovery responses from the other Defendants in which other aggrieved parties may be identified. The Plaintiff stated that it has already provided all information it has with respect to the identified aggrieved party and that it will timely supplement information related to these interrogatories as it becomes available. With respect to interrogatory 6, the Defendant agreed to reword this interrogatory and submit it to the Plaintiff. The Defendant seeks all facts related to the Plaintiff's contention that the Defendant engaged in a "'pattern and practice of resistance to the full enjoyment of rights granted by the Fair Housing Act' as alleged in paragraph 24 of the Complaint." The Plaintiff agreed to respond to a reworded interrogatory. With respect interrogatory 10, the Plaintiff indicated that its answer would be duplicative of a response to interrogatories propounded by Defendant TWM. As such, this interrogatory is moot. Finally, with respect interrogatory 15, the Court finds that this request is overly-broad. The Defendant seeks all conversations or communications between "employees and agents of Plaintiff" and a third party, the Illinois Capital Development Board, for an unspecified time period. As written, this request covers a broad time period and could implicate every branch of the federal government. Even if this request were narrowed to the Chicago HUD office and the Employment Litigation Section of the DOJ, the request would require dozens of employees searching through countless computer and paper files to discover such communications that may have taken place more than a decade ago. The Court respectfully suggests that the Defendant seek these documents from the third party as it would be in a better

position to identify and produce correspondence with the government.

Requests to produce 5 and 8 relate to the aggrieved parties that are the subject of interrogatories 4 and 7. The Plaintiff has agreed to provide whatever additional information it has regarding additional aggrieved parties as indicated above. Request 12 is related to interrogatory 15 and is similarly over-broad.

The second dispute is between the Plaintiff and Defendant TWM. On March 15, 2006, TWM served upon the Plaintiff a "second supplemental answers to Plaintiff' first set of interrogatories to Defendant Thouvenot Wade & Moerchen, Inc." In response to an interrogatory designed to discover TWM's experts, the Defendant responds:

> Objections. Defendant objects to this interrogatory as it calls for information protected by the work product and attorney-client privileges. Defendant further objects as Fed.R. Civ. P. 26(a)(2) does not require disclosure of consulting experts. Subject to and without waiving said objections, and although Defendant does not believe that Federal Rules require disclosure of Defendant's employees, Defendant states that at trial it may solicit opinion testimony of any professional engineer employed by TWM, including but not limited to Roland Thouvenot and Marsha J. Maller. Further Defendant may solicit opinion testimony of Lyndon Joost with respect to zoning and permitting requirements of the Village of Swansea.

The Joint Report of Parties, adopted by the August 26, 2005 Scheduling Order (Doc. 19), states that the Defendant is required to make expert disclosures by February 16, 2006. This Defendant already sought an extension of this deadline –a request that was denied on February 23, 2006 (Doc. 40). Faced with the lack of an extension, TWM makes this disclosure in what appears to be an attempt to circumvent this Court's order.

TWM should have disclosed its experts by the February 16, 2006 deadline. Federal Rule of Civil Procedure 26(a)(2)(A) requires the disclosure of "any person" who will provide

testimony pursuant to Federal Rules of Evidence 702, 703, and 705 and does not exclude those persons who are employees of a party.  While TWM may not be required to provide an expert report, it should have identified the employees who will be providing expert "opinion testimony" by the deadline.  Therefore, TWM may not present witnesses who will be providing testimony pursuant to Rules 702, 703, or 705 at trial unless such witnesses were timely disclosed.  As indicated at the conference the witnesses identified above are not wholly precluded from testifying; rather, they may not testify as experts pursuant to Federal Rules of Evident 702, 703, or 705 as they were not timely disclosed.

**DATED: March 17, 2006**

> **s/ Donald G. Wilkerson**
> **DONALD G. WILKERSON**
> **United States Magistrate Judge**