IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**SHANRIE COMPANY, DAN SHEILS,
NETEMEYER ENGINEERING
ASSOCIATES, INC., AND THOUVENOT,
WADE & MOERCHEN, INC.,**

**Defendants.**                                                                 **No. 05-CV-306-DRH**

## MEMORAUDM AND ORDER

**HERNDON, District Judge:**

Now before the Court is an appeal (Doc. 57), filed by Defendant Thouvenot, Wade & Moerchen, Inc. ("TWM") pursuant to Local Rule of the Southern District of Illinois 73.1(a), of United States Magistrate Judge Donald Wilkerson's March 17, 2006 Order (Doc. 53). In that Order (Doc. 53), Judge Wilkerson barred TWM from allowing its witnesses to provide testimony pursuant to Rule 702, 703, and 705 of the **Federal Rules of Evidence**, unless such witnesses were timely disclosed. Judge Wilkerson based his ruling on **Federal Rule of Civil Procedure 26(a)(2)(A)**, which requires that "any person" who may be used to present expert testimony must be disclosed by the agreed upon deadline.

Defendant now argues that it was confused by the disclosure requirement contained in **Rule 26(a)(2)(A)**. In addition, Defendant argues that

Plaintiff has not suffered any harm as a result of TWM's failure to disclose and, therefore, barring the testimony would be inappropriate pursuant to **Rule 37(c)(1)**, which provides that "[a] party that without substantial justification fails to disclose information required by Rule 26(a). . ., is not, unless failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed." **Fed. R. Civ. P. 37(c)(1)**. The question then is whether TWM was substantially justified in its failure to disclose and whether the failure to disclose was harmless.

Clearly, TWM did not properly disclose its expert witnesses in a timely fashion. This is undisputed. The Court finds TWM's argument that it confused **Rule 26(a)(2)(B)**, which requires all retained or specially employed experts to submit expert reports, with **Rule 26(a)(2)(A)**, which requires the disclosure of any person who will testify as an expert, quite disingenuous, particularly in light of Judge Wilkerson's previous ruling, which effectively left TWM without an expert witness. Furthermore, in *Musser v. Gentiva Health Services*, a case very similar to this matter, the Seventh Circuit held that a "misunderstanding of the law does not equate to a substantial justification for failing to comply with the disclosure deadline." **356 F.3d 751, 758 (7th Cir. 2004)**. Accordingly, the Court finds that TWM's failure to disclose expert witnesses by the agreed deadline was not substantially justified.

In addition, the Court is persuaded that TWM's failure to disclose is not harmless. Although Plaintiff had the opportunity to depose the witnesses who TWM

now attempts to identify as experts, Plaintiff did not depose them with the knowledge that these witnesses would later be offered as experts. The Court believes that had Plaintiff been armed with this information, the scope of the depositions most certainly would have changed. To allow TWM to now offer these witnesses as experts would be prejudicial to Plaintiff.

Judge Wilkerson's decision was neither contrary to law nor clearly erroneous. Accordingly, the Court declines to set aside Judge Wilkerson's Order. ***See*** **S.D. Ill. Local Rule 73.1(a)** ("A District Judge of the court shall reconsider the matter and shall set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law."). TWM's appeal is **DENIED**.

**IT IS SO ORDERED**.

Signed this 19th day of January, 2007.

/s/      David  RHerndon
**United States District Judge**