IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:05-cv-306-DRH |
| | ) | |
| SHANRIE CO., INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**REPORT AND RECOMMENDATION**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge David R. Herndon pursuant to 28 U.S.C. § 636(b)(1)(B), FED. R. CIV. P. 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the Motion to Exclude Evidence Regarding Defendant TWM's March 21, 2006 Site Analysis for Failure to Comply with Expert Disclosure Deadlines, filed by the United States on April 10, 2006 (Doc. 59). For the reasons set forth below, it is **RECOMMENDED** that the Motion be **GRANTED** and that the Court adopt the following findings of fact and conclusions of law:

**PROCEDURAL HISTORY**

On August 26, 2005, this Court entered a scheduling order which approved a Joint Report submitted by the parties and signed by Defendant Thouvenot, Wade, & Moerchen, Inc.'s ("TWM") attorney, Jennifer R. Hargis (Doc. 19). In that Joint Report, the parties agreed that Defendants shall disclose its experts by February 16, 2006, and that they would be deposed by March 31, 2006. On February 16, 2006, the date of its disclosure deadline, TWM filed a motion to extend the deadline for the submission of its expert's report, that of Mr. Glenn Borgard, until May 26, 2006 (Doc. 36). That motion did not reference Ms. Marsha J. Maller. The only expert

that was disclosed by Defendant TWM was Mark Wales, who is not a licensed architect or engineer (Doc. 60 at 5).

On February 23, 2006, this Court denied the motion for extension of time because, in part, such an extension would necessitate an extension of the trial date in this matter and because TWM had ample time to seek out an expert and provide the necessary disclosures as required by FED. R. CIV. P. 26(a)(2). After this adverse ruling, TWM served, on March 15, 2006, supplemental answers to interrogatories propounded by Plaintiff United States ("Plaintiff"). In this supplement, TWM indicated that it "may solicit opinion testimony" from its employees, Roland Thouvenot and Marsha J. Maller, and from Lyndon Joost. This supplement was the subject of a telephonic discovery dispute conference held on March 16, 2006. Pursuant to that conference, this Court issued an order dated March 17, 2006.[1] That order stated, in part, that "TWM may not present witnesses who will be providing testimony pursuant to Rules 702, 703, or 705 at trial unless such witnesses were timely disclosed." Marsha J. Maller was not so disclosed.

Currently before the Court is a dispute concerning a document entitled "Applegate Apartments Fair Housing Act Site Analysis Test Performed March 21, 2006 By Marsha J. Maller, P.E.," which was served on the parties by TWM on March 23, 2006, three days after Plaintiff United States submitted its expert rebuttal report of licensed architect Gina Hilberry. As per the policy of this Court, the dispute concerning this document was set for a telephonic conference on March 28, 2006. In light of the issues presented at that telephonic conference, the parties were ordered to submit briefs in support of their respective positions and a motion

---

[1] This March 3, 2006 Order was appealed to District Judge David R. Herndon and subsequently affirmed by that Court on January 19, 2007 (Doc. 109).

hearing was set for April 19, 2006. On March 29, 2006, Plaintiff took Ms. Maller's deposition. Thereafter, briefs were submitted and the motion hearing took place on April 19, 2006, where the parties each presented their positions and argument. This report and recommendation follows.

### FINDINGS OF FACT

Plaintiff's Motion to Exclude Evidence Regarding Defendant TWM's March 21, 2006 Site Analysis (Doc. 59) requests that this Court strike the subject document for TWM's failure to comply with this Court's Discovery Order of August 26, 2005 (Doc. 19), and its Order of March 17, 2006 (Doc. 53). Specifically, Plaintiff alleges that this March 21, 2006 Site Analysis, produced by Marsha Maller, is nothing more than an attempt by TWM to sidestep this Court's March 17, 2006 Order that ruled that TWM is barred from offering expert testimony under FED. R. EVID. 702, 703, and 705, unless it came from an expert disclosed as such prior to February 16, 2006, the deadline for FED. R. CIV. P. 26(a)(2) disclosures. Plaintiff argues that since Marsha Maller falls into this category of experts barred by the Court from offering expert testimony, her March 21, 2006 Site Analysis, which was created after the February 16, 2006 deadline, should also be barred. Some background is necessary before addressing this contention.

In 2001, Defendants began designing and constructing Applegate Apartments in Swansea, Illinois. In October 2004, the Department of Housing and Urban Development ("HUD") notified Dan Shiels, President of Defendant Shanrie Company, that the Metropolitan St. Louis Equal Housing Opportunity Counsel had filed a complaint for violations of the design and construction requirements of the Fair Housing Act ("FHA") 42 U.S.C. §§ 3601-3619, with regard to the construction of the Applegate Apartments. The complaint alleges that Defendants

3

discriminated against the handicap by not making the subject premises handicap accessible as required by the FHA.

In November 2004, before this suit was filed, TWM's engineer Ms. Maller was asked to look into the Fair Housing Act with respect to a possible site impracticality defense. This was because a limited affirmative defense is provide for in 24 C.F.R. § 100.205(a), in that the number of ground floor units that must be handicap accessible need not exceed "[t]he percentage of the total buildable area of the undisturbed site with a natural grade less than 10% slope," unless the entrance to the units is on an accessible route, in which case all of the ground floor units served by that particular entrance must be accessible. Guidelines, Sec. 5, Requirement 1(s)(A)(ii), 56 Fed. Reg. 9503-04. In response to this request, Ms. Maller prepared a drawing using her own methodology, calculated an estimate of the percentage of the site with a slope greater than 10 percent, and provided the drawing with the calculations to TWM. In her 2004 report, Ms. Maller stated that 74 percent of the preexisting site had been sloped at greater than 10 percent and as a result, at least 26 percent of the ground floor units should be accessible.

According to TWM, Ms. Maller prepared the March 21, 2006 Report as a "revised analysis" because "she was tired of others relying on her previous site analysis, which she believed was inaccurate" and because she was "curious about the analysis and wanted to do one correctly" (Doc. 63 at 4). This 2006 report found that 37.36 percent of the ground floor units must comply with the deadlines, up from 26 percent in her original report. TWM characterizes this March 21, 2006 Report as a "revision" or "update" to the original report, that it was merely a "clarification" (April 19, 2006 Hearing Transcript at 31; Doc. 63 at 5). Plaintiff characterizes it as a new expert opinion document, namely, a new site impracticability analysis (Doc. 60 at 1).

Plaintiff also disputes the method for calculating the total buildable area, which it believes should be much higher than 37 percent.

TWM argues that its characterization of the report as an update, rather than new expert testimony, is the proper interpretation because once it became apparent during discovery that Ms. Maller had applied the wrong standard to calculate the 10% sloping figure in her 2004 report, it was necessary to recalculate the figures. TWM further asserts that "anyone who can do simple mathematical calculations and read the text of the Guidelines can perform . . . this analysis," such that it should not be considered expert opinion testimony.

Plaintiff counters that several reasons support their characterization of the 2006 report. In support, they cite Ms. Mallor's March 29, 2006 Deposition Testimony:

> Q: But you said that you did this to explain what you did in November of 2004. Isn't this completely different from what you did in 2004?
>
> A: Everyone was referring to the exhibit in 2004 as a site and practicality test, that's not what it was. It's not what it is. So I went back and I did one.
>
> Q: And is it completely -- this doesn't explain what you did in November of 2004, this is different from what you did in November of 2004, right. I'm sorry, 2004, period.
>
> A: This is actual site analysis test based on the Fair Housing Act or -- guidelines, which is the HUD technical assist.
>
> Q: Which is different from what you did in 2004.
>
> A: Yes.

(April 19, 2006 Hearing Transcript at 55-56). Further, Plaintiff argues that this 2006 report should be considered expert testimony since the Guidelines require that the accuracy of the slope

5

analysis must be certified by a professional licensed engineer, architect, or surveyor. TWM claims that this requirement does not apply to the calculations after the sloping data has been gathered. Plaintiff also alleges that Ms. Maller's 2006 report expressly cites or expressly paraphrases Plaintiff's expert's reports, and then approvingly cites conclusions from TWM's expert Mr. Whales (April 19, 2006 Hearing Transcript at 56-57).

If its motion to exclude is denied, Plaintiff alleges that it will suffer prejudice if TWM is permitted to use the March 21, 2006 report. Prejudice will result, according to Plaintiffs, because all of the discovery regarding TWM's role in this project was based on the 2004 report. If its motion were denied, Plaintiff's assert that several depositions will need to be retaken, including a Mr. Jobs, whom Plaintiff asserts Ms. Maller admitted coauthored the report, and also TWM's expert Mr. Whales, because he is likely to rely on Ms. Maller's new report just as he relied on her original report (April 19, 2006 Hearing Transcript at 56-57). In addition, Plaintiff contends that its own experts will need to analyze this new report and show why in fact the new site analysis is improper. Plaintiff estimates it will take eight to twelve weeks to complete this additional discovery, which would involve considerable expense.

## CONCLUSIONS OF LAW

At the heart of this dispute is whether Ms. Maller's Report of March 21, 2006, and potential testimony related to that report, is in the manner of expert opinion / testimony such that it should be excluded as a sanction for TWM's failure to disclose Ms. Maller as an expert in a timely manner pursuant FED. R. CIV. P. 26(a)(1). For the reasons set forth below, this Court finds that such a sanction is appropriate.

**Jurisdiction**

At the outset, the Court addresses TWM's bold assertion that this Court is without jurisdiction to consider Plaintiff's motion and argument.[2]  TWM assertions are without merit as this Court has the authority to hear this matter pursuant to 28 U.S.C. § 636(b)(1)(B). See also Retired Chicago Police Ass'n v. City of Chicago, 76 F.3d 856, 869 (7th Cir. 1994) ("A district judge may refer a dispute about sanctions to a magistrate judge for a recommendation under § 636(b)(1)(B)").  TWM may, should it so desire, timely file an appeal of this Report and Recommendation pursuant to SDIL-LR 73.1(b).  However, it is clear that this Court is the proper entity to consider Plaintiff's motion, despite Defendant's contention that issues of admissibility "shouldn't be argued here" (April 19, 2006 Hearing Transcript at 37).

**Basis for Awarding Sanctions**

Sanctions excluding evidence are provided for under the Federal Rules: "A party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.  In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions." FED. R. CIV. P. 37(c)(1).  It is undisputed that TWM failed to timely disclose Ms. Maller pursuant to RULE 26(a)(2).  Whether or not Ms. Maller would be considered a "retained" expert under RULE 26(a)(2)(B) is immaterial.  Even if 26(a)(2)(B) did not apply, Rule 26(a)(2)(A) would.  That rule requires, "In addition to the disclosures required by paragraph (1),

---

[2] Defendant states that "admissibility of expert testimony is a matter for the Trial Court, and not a discovery dispute" (Doc. 63 at 8), and "this whole issue is one that should be ruled on at the trial by the trial judge, number one.  Whether it's admissible evidence, it shouldn't even be argued here" (April 19, 2006 Hearing Transcript at 37).

a party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence." As TWM failed to disclose Ms. Maller as an expert pursuant to RULE 26(a) by the Court's deadline, and has also failed to offer good cause for this failure, RULE 37(c)(1) applies in full force to this report if the Court determines that it involves expert testimony by Ms. Maller.

**Admissibility of the March 21, 2006 Report**

At issue is whether the contents of Ms. Maller's March 21, 2006 report entitled "Applegate Apartments Fair Housing Act Site Analysis Test" should be considered expert testimony, as defined in Rule 702, such that Defendant's failure to designate Ms. Maller under Rule 26(a)(1) warrants exclusion of the report. Expert testimony is defined as testimony that involves "scientific, technical, or other specialized knowledge" and further defines an expert as an individual "qualified as an expert by knowledge, skill, experience, training, or education." FED. R. EVID. 702.

Ms. Maller's testimony contained in her March 21, 2006 Site Analysis is expert opinion testimony. Ms. Maller is a "Registered Professional Engineer of Illinois" as indicated by her seal on the last page of her March 21, 2006 Site Analysis. It is undisputed that she possess scientific, technical, or other specialized knowledge, and that she possesses these due to knowledge, skill, experience, training, and education. Upon review of Ms. Maller's March 21, 2006 Site Analysis, there is no doubt that this is a report detailing Ms. Maller's expert opinion testimony.

While TWM maintains that "anyone who can do simple mathematical calculations and read the text of the Guidelines can perform the remaining steps in the analysis," the need for

specialized equipment to generate the measurements relied upon in her report, including AutoCAD software to determine slopes between successive two-foot intervals, appears to contradict this assertion.  Furthermore, Ms. Maller's report involves complex measurements and decisions on how to apply the regulations that are not simply mechanical.  Before Ms. Maller offered a conclusion in her report that differed from the conclusion of other experts in this case, she stated, "It is apparent to me that in this specific case the application of Step C [of the Guidelines] can be, and has been interpreted differently by different persons" (March 21, 2006 Site Analysis at 3).  Throughout her report, Ms. Maller uses technical and scientific knowledge in addition to her own interpretation of the guidelines to offer conclusions based upon her expert opinion.  In fact, Defendant TWM concedes that "testimony regarding the revised site analysis may arguably be considered expert testimony pursuant to Fed. R. Evid. 702, 703, or 705" (Doc. 63 at 8).

      The Court rejects Defendant's contention that the March 2006 report was simply an "update", "revision", or "clarification" of her 2004 report.  Plaintiff alleges, and TWM has not disputed, that Ms. Maller admitted in her deposition of March 29, 2006, that she had reviewed all of the expert reports submitted by the parties prior to preparing her March 21, 2006 Site Analysis Report, and had even paraphrased excerpts from Plaintiff's expert Ms. Hilberry's report without citation (Doc. 60 at 7 (citing Ms. Maller's March 29, 2006 Deposition at 10-15, 53-54, 91-94)). Ms. Maller's own deposition testimony states that her 2004 report was not a site impracticality test, but that her March 21, 2006 report was just that (April 19, 2006 Hearing Transcript at 55-56).

      The Court also does not find persuasive TWM's argument that Ms. Maller prepared the March 21, 2006 report simply because she was "curious" and "wanted to do one correctly" (Doc.

9

63 at 4). It seems much more plausible that this report was created to rebut Plaintiff's expert testimony, and is merely an attempt to side-step TWM's failure to timely disclose an expert qualified to issue such a site analysis report by the discovery deadline. There was not substantial justification for Defendant's failure to timely disclose an expert qualified to issue such a report, and TWM should not be permitted to further ignore this Court's standing orders.

Nonetheless, TWM argues that regardless of whether the March 21, 2006 report is considered expert testimony, TWM "should be allowed to solicit opinion testimony from its employees and representatives at trial" (Doc. 63 at 8). However, TWM cites no authority for this contention, and further fails to inform the Court why TWM should be allowed to solicit expert opinion testimony from an individual who was not disclosed pursuant to this Court's Scheduling Order and RULE 26(a)(1). TWM is encouraged to consider Musser v. Gentiva Health Services, 356 F.3d 751, (7th Cir. 2004), where the Seventh Circuit upheld a grant of summary judgment after the district court refused to consider expert medical testimony as a RULE 37(c)(1) discovery sanction for failure to timely disclose the identity of its expert. The Court acknowledges that this sanction would not affect TWM's ability to call an employee witness to testify as to lay opinions under FED. R. EVID. 701; however, those opinions are "limited to . . . inferences which are . . .not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." FED. R. EVID. 701.

Under RULE 37(c)(1), a party must have a substantial justification for failing to disclose information required by RULE 26(a) or that evidence is not permitted to be used as evidence at trial, a hearing, or on a motion unless such failure to disclose was harmless. As detailed in this Court's Order of March 17, 2006 (Doc. 53), and in the affirmation of that order by the district court in its January 19, 2006 Order (Doc. 109), there was no substantial justification for TWM's

10

failure to disclose an engineering expert.[3] Indeed, TWM failed to show good cause, a much lesser standard. Therefore, unless TWM's failure was harmless to Plaintiff, an exclusion sanction is mandatory. Musser v. Gentiva Health Services, 356 F.3d 751, 758 (7th Cir. 2004) ("exclusion of non-disclosed evidence is automatic and mandatory under Rule 37(c)(1) unless non-disclosure was justified or harmless").

Here, Plaintiff has demonstrated that their harm was prejudicial and not merely harmless. The district court has already stated that allowing TWM an extension of the expert discovery deadline would now be prejudicial (Doc. 109 at 3). Here, if Plaintiff's motion is denied, it would be necessary to reopen discovery because the depositions taken in this case, with the exception of Ms. Maller's March 29, 2006 deposition, were based on the 2004 report, which stated different conclusions than Ms. Mallor's March 21, 2006 Site Analysis. Many experts would need to be redeposed at considerable time and expense, as the final disposition of this case would likely be extended several more months.

For the reasons set forth above, it is **RECOMMENDED** that Plaintiff's Motion be **GRANTED**, that as a discovery sanction pursuant to RULE 37(c)(1), the March 21, 2006 Site Analysis be excluded from use at trial, at a hearing, or to support a motion, and that the foregoing findings of fact and conclusions of law be adopted.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have ten (10) days after issuance of this Report and Recommendation to file written objections thereto. The failure to file a timely an objection may result in the waiver of the right to challenge this

---

[3] The Court notes that when TWM filed its Motion for Extension of Time (Doc. 36), in which TWM requested an extension of the expert reporting deadline of more than three months, Ms. Maller was not even mentioned. Rather, TWM stated its desired to name Glenn E. Borgard, another Professional Engineer, as its expert.

11

Recommendation before either the District Court or the Court of Appeals. Snyder v. Nolen, 380 F.3d 279, 284 (7th Cir. 2004); United States v. Hernandez-Rivas, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: February 28, 2007**

>                        s/ *Donald G. Wilkerson*
>                        **DONALD G. WILKERSON**
>                        **United States Magistrate Judge**