**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**SHANRIE COMPANY, DAN SHEILS,
NETEMEYER ENGINEERING
ASSOCIATES, INC., AND THOUVENOT,
WADE & MOERCHEN, INC.,**

**Defendants.**                                             No. 05-CV-306-DRH

## ORDER

**HERNDON, District Judge:**

### I. Introduction

On April 25, 2005, the United States filed this action in this Court alleging that Defendants violated the **Fair Housing Act, as amended, 42 U.S.C. §§ 3601-3619 ("FHA")** by failing to design and construct the Applegate Apartments ("Applegate") in Swansea, Illinois in compliance with the FHA's requirements regarding accessibility for persons with disabilities. On June 23, 2006, the United States filed a motion for partial summary judgment. (Doc. 79.) On that same day, Defendants Shanrie Co., Inc. ("Shanrie), Dan Sheils ("Sheils"), and Netemeyer Engineering Associates, Inc. ("Netemeyer") filed a motion for partial summary judgment (Doc. 80) and Defendant Thouvenot, Wade & Moerchen, Inc. ("TWM") filed a motion for summary judgment (Doc. 81). On March 30, 2007, the Court issued an order (Doc. 112) granting in part and denying in part the United States' motion for partial

summary judgment (Doc. 79), and denying each of the Defendants motions for summary judgment (Docs. 80, 82). Specifically, in the March 30, 2007 Order (Doc. 112), the Court held first that the Defendants are not entitled to the site impracticality defense because a) the site analysis test that formed the basis of the defense had previously been excluded by the Court because Defendants had not timely disclosed the Report and b) even if the Report were allowed, the Court held that Defendants were not entitled to the site impracticality defense based on the Court's reading of the law and the facts of this case applied to that law. Second, the Court held that it could not grant summary judgment in favor of TWM because there were too many conflicting and disputed facts regarding TWM's involvement with the design and construction of Applegate and, therefore, the issue of TWM's liability must proceed to trial. Lastly, the Court held that 1) Applegate is subject to the accessibility requirements mandated by the FHA; 2) Applegate was not designed and constructed in compliance with the FHA[1]; and 3) Defendants Shanrie, Sheils, and Netemeyer are liable for the violations of the FHA at Applegate.

Pending before the Court now are three motions: 1) Defendant Netemeyer, Sheils, and Shanrie's motion to amend order on summary judgment to include certification for immediate appeal (Doc. 113); 2) Plaintiff United States' motion requesting that the Court order the Defendants to submit a remedial plan (Doc. 118); and 3) Defendants Netemeyer, Sheils, and Shanrie's motion for stay (Doc.

---

[1] A discussion of the specific violations is contained in the March 30, 2007 Order (Doc. 112) at pp. 26-29.

120). The Court considers each of these motions below.

## II. Motions

### A. Interlocutory Appeal

On April 9, 2007, Defendants Netemeyer, Shanrie, and Sheils filed a motion to amend order on summary judgment to include certification for immediate appeal pursuant to **28 U.S.C. § 1292(b)**. (Doc. 113.) Due to an oversight by the Court, the Court believed that the United States had failed to respond to the motion within the allotted time frame. Based partly on the Court's belief that the United States did not oppose the motion for interlocutory appeal, on April 23, 2007, the Court issued an Order granting Defendants' motion to amend. (Doc. 115.) On that same day, the Court was made aware of its error and entered an Order vacating the previous order. (Doc. 116.) Having now fully considered the arguments and case law presented by both sides, the Court has been persuaded that the issue presented by Defendants, in fact, should not be certified for immediate appeal.

Pursuant to **28 U.S.C. § 1292(b)**:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order . . . .

Certificates of appealability, as a general matter, are "disfavored" because they

"frequently cause unnecessary delays in lower court proceedings and waste the resources of an already overburdened judicial system. For these reasons, the preferred practice is to defer appellate review until the entry of a final judgment . . . ." ***Herdrich v. Pegram*, 154 F.3d 362, 368 (7th Cir. 1998)** (citing ***Coopers & Lybrand v. Livesay*, 437 U.S. 463, 473-74 (1978)**) (citation omitted). There are four statutory criteria that should guide a district court's decision regarding whether to grant a motion for an interlocutory appeal: "there must be a question of *law*, it must be *controlling*, it must be *contestable,* and its resolution must promise to *speed up* the litigation." ***Ahrenholz v. Board of Trustees*, 219 F.3d 674, 675 (7th Cir. 2000)**).

Defendants Shanrie, Sheils, and Netemeyer seek certification of the issue of "whether consideration and evidence of the planned and constructed condition of a covered multifamily property can support a partial site impracticality exemption from the Fair Housing Act's accessability requirements (**42 U.S.C. § 3604(f)(3)(C))** of otherwise covered dwelling units." (Doc. 113, p. 2.) Defendants contend that an interlocutory appeal would be appropriate in this case because a reversal of the Court's decision on this issue could have a "material effect" on the outcome of this case. The United States argues, on the contrary, that Defendants have failed to meet the statutory requirements necessary in order for this Court to grant Defendant's motion for interlocutory appeal. The Court agrees with the United States and finds that the issue presented by Defendants is neither a "question of law" or "controlling"

in this matter.

   *1.   Is there a question of law?*

Defendants present no arguments or cases in support of their assertion that the question proposed for interlocutory appeal presents a "question of law." This seems to suggest that Defendants believe that any question presented in a motion for summary judgment constitutes a question of law.  However, as the Seventh Circuit discussed in **Ahrenholz**, not all issues presented in a motion for summary judgment are necessarily a "question of law" as used in **section 1292(b)**. In fact, the Seventh Circuit stated that a "denial of summary judgment is a paradigmatic example of an interlocutory order that normally is not appealable." **219 F.3d at 676**.

To qualify as a "question of law" the issue presented must be an "abstract legal issue" - not a question contingent on the specific facts scattered throughout the record. Applying this standard, the Court finds that Defendants have failed to present a "question of law" that is appropriate for interlocutory appeal. First and foremost, the Court must point out that the primary reason Defendants were barred from claiming the site impracticality exemption was based purely on the fact that Defendant TWM had failed to comply with the scheduling order regarding disclosure of expert witnesses and, therefore, all parties were prohibited from relying on the site analysis report prepared by Marsha Maller. Without that report, Defendants had no basis for asserting the site impracticality defense. It was only on alternative grounds that the Court also determined that even if the site analysis

report were admissible that Defendants still were not entitled to the site impracticality defense based on the FHA and its regulations, as well as the specific facts and circumstances of this case. The questions involved in reaching that determination were *not* "pure" questions of law. Rather, the issues involved an application of the law to the facts of this case. The Seventh Circuit has made it clear that this type of fact-intensive determination is not appropriate for interlocutory appeal. ***See Ahrenholz*, 219 F.3d at 677 (holding that interlocutory appeals are appropriate when "a case turn[s] on a pure question of law, something the court of appeals [can] decide quickly and cleanly without having to study the record. . .")**

   *2.   Is the issue controlling?*

Defendants argue that resolution of this question in their favor could have a "material effect" on this lawsuit and, therefore, the question is controlling. This is simply incorrect. As discussed above, the question Defendants present for interlocutory appeal only addresses one ground for the Court's decision to reject the site impracticality defense. Assuming arguendo that the Seventh Circuit found that the Court had erred in its analysis, the fact remains that the Court independently denied Defendants' use of the site impracticality defense because the site analysis report, which formed the sole basis for Defendants' site impracticality claim, had previously been excluded by the Court. As such, a different result on this particular issue would have no impact on the outcome of this case.

Because "the criteria, are conjunctive and not disjunctive," the Court having found that the first two criteria are not met, need not consider the other factors. ***Ahrenholz,* 219 F.3d at 676.** Therefore, the Court **DENIES** Defendants Netemeyer, Shanrie, and Sheils motion to amend order on summary judgment to include certification for immediate appeal. (Doc. 113.)

**B.    Remedial Plan**

On April 26, 2007, the United States filed a motion requesting that the Court order the Defendants to submit a remedial plan that details how they plan to remedy the FHA violations found by the Court in its March 30, 2007 Order. (Doc. 118.)   The issue of damages was reserved for trial by the United States in its motion for partial summary judgment. (Doc. 79.) As to Defendants Netemeyer, Shanrie, and Sheils, damages are the only remaining issue.  The United States asserts that requiring the Defendants to submit a remedial plan now regarding how they intend to retrofit Applegate Apartments will assist the Court in ultimately crafting a suitable remedy, which may also include damages for alleged aggrieved persons and civil penalties.

Defendants Netemeyer, Shanrie, and Sheils respond that the United States' motion is premature because "there is a possibility that a key issue that could significantly alter the course of this case may not have been finally decided." (Doc. 119, p. 2.) In light of the Court's decision to deny Defendants' request to certify the site impracticality issue for interlocutory appeal, the Court finds that a final decision on the issue has, in fact, been reached.  At this point, the next step as to Defendants

Netemeyer, Shanrie, and Sheils is for a trial on the issue of damages, since their liability has already been determined as a matter of law. A remedial plan submitted in advance would greatly benefit the Court in its consideration of this matter and promote both the interests of efficiency and judicial economy. Other courts have required a similar remedial plan and the Court finds no reason to depart from this trend. ***See,e.g. United States v. Tanski*, 2007 WL 1017020, at \*25-26 (N.D.N.Y. Mar. 30, 2007); *Memphis Center for Indep. Living v. Grant*, Civ. No. 2:01-2069D (W.D. Tenn. June 3, 2005); *Fair Housing Council, Inc. v Village of Olde St. Andrews*, Civ. No. 3:98-CV-630-H (W.D. Ky. Feb. 6, 2004).** In addition, the Court agrees with the above courts that retrofitting is an appropriate remedy for FHA violations. Ultimately nothing is gained by lawsuits such as this unless the barriers to accessible housing are removed and the housing is made accessible for persons with disabilities.

Therefore, the Court **GRANTS** the United States' motion for requesting that the Court order the Defendants to submit a remedial plan (Doc. 118) and **ORDERS** Defendants Netemeyer, Shanrie, and Sheils to submit within 45 days of the date of this Order a remedial plan, which shall include a detailed description, with deadlines, of how Defendants intend to retrofit Applegate Apartments to bring it into full compliance with the FHA. The plan should also describe, if possible, how responsibility will be allocated amongst Defendants Netemeyer, Shanrie, and Sheils. The United States is directed to respond within 30 days thereafter. The Court

encourages the parties to work together to find a plan that is acceptable to all involved. If Defendant TWM is eventually found liable for the FHA violations, the Court will require TWM to contribute to the retrofitting, as well as the cost of developing the remedial plan,

**C.   Stay**

Defendants filed a motion to stay the Rule 16 Scheduling Order filed in this case and all other proceedings in this Court until the motion to amend the order on partial summary judgment was decided or until Defendants' petition for interlocutory appeal was decided by the Seventh Circuit, if granted leave to appeal by this Court. (Doc. 120.) Since the Court has denied the motion to amend, the motion to stay (Doc. 120) is now **MOOT**.

### III.   CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendants Netemeyer, Shanrie, and Sheils motion to amend order on summary judgment to include certification for immediate appeal (Doc. 113), **GRANTS** the United States' motion requesting that the Court order the Defendants to submit a remedial plan (Doc. 118), and finds Defendants Netemeyer, Sheils, and Shanrie's motion for stay **MOOT** (Doc. 120).

**IT IS SO ORDERED.**

Signed this 15th day of June, 2007.

/s/      David   RHerndon
**United States District Judge**