IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

SHANRIE COMPANY, DAN SHEILS,
NETEMEYER ENGINEERING
ASSOCIATES, INC., AND THOUVENOT,
WADE & MOERCHEN, INC.,

Defendants.                                   No. 05-CV-306-DRH

## MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

### I. INTRODUCTION

This Order considers eight pending pre-trial motions filed by Defendant Thouvenot, Wade & Moerchen, Inc. ("TWM"). (Docs. 138, 139, 140, 141, and 142.) The Court considers each of the motions below.

### II. ANALYSIS

**A.  TWM's Motion in Limine Regarding Evidence of Prior Alleged Violations of the Fair Housing Act (Doc. 138)**

TWM is seeking an order precluding the Government and its witnesses from mentioning or offering any evidence regarding any reference to any of TWM's prior alleged violations of the Fair Housing Act. The Government responds that it does not intend to introduce evidence regarding this issue. Therefore, the motion is

**DENIED AS MOOT**. (Doc. 138.)

B.  **TWM's Motion in Limine Regarding Remedial Plans and Settlement Discussions (Doc. 139)**

TWM seeks to preclude any testimony regarding settlement discussions, as well as evidence of any subsequent remedial measures that were taken to correct the violations. The Government does not intend to introduce evidence regarding settlement discussions held between the parties. However, the Government argues that while **Federal Rule of Evidence 407** prohibits evidence of subsequent measures when used to prove "negligence, culpable conduct, a defect in a product, a defect in a product's design, or a need for a warning or instruction" the rule "does not require the exclusion of evidence of subsequent measures when offered for another purpose, such as proving . . . feasibility of precautionary measures." **Fed. R. Evid. 407.** The Government further contends that the evidence regarding the remedial measures that have been taken is admissible under **Rule 407** for the purpose of "showing that the defendants can feasibly and promptly make Applegate Apartments accessible." (Doc. 146, p. 2.) The Court agrees. Therefore, TWM's motion in limine is **DENIED**. (Doc. 139.)

C.  **TWM's Motion in Limine Regarding Evidence of Liability Insurance Coverage (Doc. 140)**

TWM seeks to preclude any testimony regarding whether TWM had liability insurance coverage for the Fair Housing Act violations. The Government

2

responds that it does not intend to introduce evidence regarding this issue. Accordingly, TWM"s motion is **DENIED AS MOOT**. (Doc. 140.)

D.  **TWM's Motion in Limine Regarding Testimony by the Plaintiff's Expert on TWM's Standard of Care (Doc. 141)**

TWM seeks to bar the Government's retained expert, Bill Hecker, from testifying as to whether or not TWM breached the engineering standard of care and the adequacy of the engineering plans prepared by TWM. TWM asserts that Hecker, who is a licensed architect and TWM seems to concede is an expert in "architecture and accessible design," is not qualified to offer an opinion on matters related to the field of engineering. (Doc. 141.) The Government argues that as a licensed architect, Hecker has educational training on the development of site plans and extensive experience reviewing site plans specifically in relation to accessibility issues for persons with disabilities. (Doc. 146.) The Court agrees. Mr. Hecker has the education, training, and experience to offer opinions on the adequacy of TWM's engineering plans and whether or not TWM breached the engineering standard of care. Accordingly, this motion is **DENIED**. (Doc. 141.)

D.  **TWM's Motion in Limine Regarding the Unsealed Drawings Prepared by TWM (Doc. 42)**

Lastly, TWM seeks to bar any testimony regarding the unsealed drawings prepared by TWM. (Doc. 142.) TWM argues that the unsealed plans are irrelevant to the issue of whether TWM was a participant in the "design and

3

construction" of Applegate Apartments, because TWM did not give its professional approval to the plans. The Government maintains that "whether TWM's plans were sealed or unsealed, TWM used and allowed others to use its plans in the design and construction of Applegate." (Doc. 146, p. 7.) The Court is persuaded that whether or not the plans were sealed is actually irrelevant to whether the plans are admissible. The exact nature of the plans and how they were used are questions of fact that must be left to the jury. Therefore, this motion is also **DENIED**. (Doc. 142.).

**IT IS SO ORDERED**.

Signed this 17th day of January, 2008.

/s/ DavidRHerndon

**Chief Judge**
**United States District Court**