# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITES STATES OF AMERICA**,

**Plaintiff,**

**v.**

**SHANRIE CO., INC., DAN SHEILS,
and NETEMEYER ENGINEERING
ASSOCIATES,INC.,**

**Defendant.**  No. 05-306-DRH

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

### I. Introduction

Before the Court is Defendants Shanrie Company, Inc. and Dan Sheils' **Motion for Modification of April 10, 2008 Order Adopting Remedial Plan** (Doc. 198). The Plaintiffs have filed a response to this motion (Doc. 200). On August 21, 2008 the Court heard oral arguments in regards to Defendants' Motion. The Court took the arguments under advisement. Having considered the arguments of both parties, the Court finds that Defendants have not shown sufficient reason to modify the remedial plan.

### II. Analysis

The Shanrie Defendants ask that the Court modify three provisions of the April 10, 2008 Remedial Order. As part of the Remedial Order, Shanrie Defendants were required to, among other things, take the following three actions: 1) purchase grab bars and surface mounted wing-its for installation in 20 of the ground floor

units in Buildings 1-5; 2) provide written notice to residents that accessibility modifications can be installed upon request within 30 days without additional cost; and 3) complete various interior retrofits of individual units, primarily in Buildings 1-5, within one year.  (Doc. 152).  The Shanrie Defendants now to seek to modify the provisions of that order by: 1) requiring the Shanrie Defendants to only purchase four sets of grab bars and replenish the stock as needed; 2) extending the deadline to complete interior retrofits to units to two years, to allow completions to take place as units are vacated; and 3) requiring them to notify current residents of the availability of retrofitted ground units and the opportunity to transfer to those units at no additional cost.  (Doc. 198).

Although the Shanrie Defendants fail to cite any procedural basis for their motion to modify the remedial plan, this Court construes the motion as a motion for relief from final judgment, order, or proceeding under Rule 60(b) of the Federal Rules of Civil Procedure.  The only other basis for amending the remedial order would be under Rule 59(e) of the Federal Rules of Civil Procedure, but Rule 59(e) Motion to Alter or Amend a Judgment  provides that a motion to alter judgment must be filed no later than 10 days after the entry of judgment, a time limit which cannot be extended**.  Fed. R. Civ. Pro**. **59(e)**.  Since the Shanrie Defendants filed their motion to alter judgment well after the 10 day time limit, the only possible basis for altering judgment would be under Rule 60(b).

Rule 60(b) provides that the court may have discretion to grant a moving party relief from a previous order in the following six circumstances:

1) mistake, inadvertence, surprise, or excusable neglect;
2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under 59(b);
3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
4) the judgment is void;
5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
6) any other reason that justifies relied.

**Fed. R. Civ. P. 60(b)**. Since the Shanrie Defendants do not rely on any of the first five provisions under Rule 60(b), it is presumed that they are proceeding under the sixth catch-all provision.

However, Rule 60(b) is designed to be an "extraordinary remedy and is granted only in exceptional circumstances." ***Cincinnati Ins. Co. v. Flanders Elec. Motor Serv., Inc.*, 131 F.3d 625, 628 (7th Cir. 1997)**. In particular, the sixth catch-all provision "is even more highly circumscribed." ***Provident Sav. Bank v. Popovich*, 71 F.3d 696, 700 (7th Cir. 1995) (citing *Pantoja v. Texas Gas & Transmission Corp.*, 890 F.2d 955, 960 (7th Cir. 1989)**, *cert. denied*, **497 U.S. 1024 (1990))**. Furthermore, Rule 60(b)(6) is not the place to rehash old argument or bring up issues that could have been argued during previous motions. ***Karraker v. Rent-A-Center, Inc.*, 411 F.3d 831, 837 (7th Cir. 2005) (citing *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996)("[r]econsideration not appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard" during**

**earlier motions))**.

Here, the Shanrie Defendants have failed to show sufficient reason to modify the remedial order. Instead, the Shanrie Defendants simply rehash arguments brought up in previous motions.

A.   **Request to Modify the Purchase of Grab Bars**

In regards to the requirement that Defendants purchase a sufficient number of grab bars for ground floor units, the Shanrie Defendants request that they be permitted to only purchase four sets of grab bars and replenish their stock as grab bars are requested. They argue that they should not have to purchase grab bars for all units in advance when the grab bars will not be required for all units, and that they lack adequate storage space for the grab bars.

However, these arguments have already been presented in earlier proceedings. The Shanrie Defendants originally opposed the requirement that they be required to purchase grab bars in advance in their response to the proposed remedial plan. (Doc. 149, p. 8). However, the Court ordered that the Shanrie Defendants be required to purchase a sufficient number of grab bars for all floor units. (Doc. 152). Defendant Sheils then raised the arguments again in his motion to reconsider, stating the requirement was "over the top." (Doc. 164, p. 15). The Court denied Sheil's request. Now, once again, the Shanrie Defendants argue that they should not be required to purchase the required amount of grab bars, arguing that they lack the space sufficient to store the grab bars, yet they provide no evidence to support a supposed lack of space. The Shanrie Defendants have failed to provide adequate

evidence of an "exceptional circumstance" and simply rehash old arguments. They have failed to present enough evidence to justify the extraordinary remedy presented in Rule 60(b)(6).

**B.     Request to Modify the Time and Notice Requirements of Interior Retrofits**

In regards to the requirement that Defendants notify current tenants that they can request retrofits to their units and have those retrofits completed within 30 days, and the requirement that Defendants complete all required retrofits within one year of the remedial plan, the Shanrie Defendants argue that the retrofits are not minor modifications and are impossible to perform while the apartments are occupied. (Doc. 198, p. 5). The Shanrie Defendants further argue that they have received complaints about the noise and traffic associated with the remodeling work. (Doc. 198, p. 5).

Again, the Shanrie Defendants present no new arguments or evidence to support exceptional circumstances. The Shanrie Defendants have argued for these modifications in previous motions, citing the noise and complexity of the work. (See Doc. 133, p. 11; Doc. 149, p. 8; Doc. 164,p. 13, 15-16). The Shanrie Defendants fail to offer any new evidence to support the exceptional circumstances required to modify the remedial order. Instead, they continue to rehash old arguments that have been brought up continually through the course of this litigation. Therefore, the Shanrie Defendants fail to prove that an extraordinary remedy is justified under Rule 60(b)(6).

### III.  Conclusion

The Shanrie Defendants have failed to show sufficient reason to justify modifying the remedial order.  The Shanrie Defendants rehash old arguments and fail to present any new evidence to support the exceptional circumstances required under Rule 60(b)(6).  Therefore, the Court **DENIES** the Defendants' motion for modification of April 10, 2008 Order Adopting Remedial Plan (Doc. 198).

**IT IS SO ORDERED.**

Signed this 30th day of September, 2008.

/s/   *DavidRHerndon*

**Chief Judge**
**United States District Court**