IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

SHANRIE Co., INC., DAN SHEILS,
NETEMEYER ENGINEERING
ASSOCIATES, INC., and THOEVENOT,
WADE & MOERCHEN, INC.,

Defendant.                                         No. 05-306-DRH

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

### I. Introduction

Before the Court is Plaintiff United States' Motion for Civil Penalties and Additional Injunctive Relief Against Defendants Dan Sheils and Shanrie Company, Inc. (Doc. 186). Defendants Sheils and Shanrie Company, Inc. (Shanrie Defendants) have filed a response to Plaintiff's motion (Doc. 194). On August 21, 2008, the Court heard oral arguments in regards to Plaintiff's motion for civil penalties and injunctive relief. The Court took the arguments under advisement. Having considered the arguments of both parties, the Court **GRANTS IN PART AND DENYS IN PART** Plaintiff's motion for civil penalties and injunctive relief.

## II. Analysis

### A. Civil Penalties

Plaintiff seeks $55,000 in civil penalties for the Shanrie Defendants' violations of the Fair Housing Act.

Under the Fair Housing Act, a court "may, to vindicate the public interest, assess a civil penalty against the respondent (i) in an amount not exceeding $50,000, for a first violation; and (ii) in an amount not exceeding $100,000, for any subsequent violation." **42 U.S.C. § 3614(d)(1)(C)**. However, the Attorney General may adjust this civil penalty for inflation and has done so, raising the limit from $50,000 to $55,000 for a first violation and from $100,000 to $110,000 for any subsequent violation. **28 C.F.R. § 85.3(b)(3)(2001)**.

There are several factors the court must consider when determining the amount of a civil penalty: the nature and circumstances of the violation, the degree of culpability, any history of past violations, the financial circumstances of that Defendant and the goal of deterrence, and other matters that justice may require. ***Smith & Lee Assoc., Inc. v. City of Talyor*, 13 F.3d 920, 932 (6th Cir. 1993) (citing H.R. No. 711, 100th Cong., 2d Sess. 40, reprinted in, 1988 U.S. Code Cong. & Admin. News 2201)**. Each of the factors are discussed below.

#### 1. The nature and circumstance of the violation

Under the nature and circumstances factor, the Shanrie Defendants played a central role in designing the first five buildings of Applegate Apartments in a manner

that excluded those with disabilities from entering or living in the ground floor units. The Shanrie defendants were found to have violated almost every provision related to accessibility in the FHA and made their buildings almost entirely inaccessible to individuals with disability issues. Although the Shanrie Defendants claim that they were ignorant of the Fair Housing Act and only received advice in regards to the Americans with Disabilities Act, the Shanrie defendants still proceeded to build their building even though they were warned by their design professional that they may be in violation of federal law by failing to provide accessible routes to the front doors.

### 2. The degree of culpability

Under the culpability factor, Shanrie is the builder and owner of Applegate apartments and Dan Sheils, as Shanrie's president oversaw all aspects of the design and construct. The Shanrie defendants were the main force behind the construction of Applegate. Furthermore, they consistently disregarded warnings about the compliance of Applegate, rejecting recommendations by their design professionals. The Shanrie defendants, while they acknowledge culpability, continue to argue that their violation was an unknowning failure to provide accessibility in Applegate.

### 3. Any history of past violations

With respect to the third factor regarding history of past violations, the Shanrie defendants have not previously been adjudicated for violations of the Fair Housing Act.

4. **The financial circumstances of the Defendants**

Shanrie Company, Inc. is a corporation with one officer and one shareholder. There is no indication that the Shanrie Defendants have limited resources and Dan Sheils does not raise the lack of ability to pay as a defense. However, the Shanrie Company, Inc. lacks assets to put towards a civil penalty, so that any civil penalty will be born mostly by Dan Sheils.

5. **Goal of deterrence**

The purpose behind civil penalties is to deter unlawful conduct. **Kelly v. EPA, 203 F.3d 519, 523 (7th Cir. 2000)**. The Shanrie Defendants argue that they have already met the goal of future deterrence since they have been educated in the Fair Housing Act and argue that imposing a civil penalty as a general deterrence to other landlords is unfair. (Doc. 194, p. 10) **(citing *Smith & Lee Associates, Inc. v. City of Taylor, Michigan*, 102 F.3d 781, 798 (6th Cir. 1996))**. However, the Court can take into account general deterrence when imposing civil penalties. *See **Krueger v. Cuomo**, 115 F.3d 487, 493 (7th Cir. 1997) (upholding an award of civil penalties that included in its analysis the need to deter other landlords)*. Furthermore, the Court noted in its remedial order that all participants in design and construction "of covered housing under the FHA must be put on notice that violations will be taken seriously and compliance will be required." (Doc. 152, p. 7).

6. **Other matters that justice may require**

As to other matters, the United States argues that this was a lengthy

proceeding in which they have spent considerable time and resources trying to make Applegate accessible and argue that the Shanrie Defendants are "dragging their feet" on complying. The Shanrie Defendants, on the other hand, argue that they have already complied with some of the provisions of the remedial order which demonstrates their intent to comply with the remedial order.

After reviewing the factors, the Court finds that while the Shanrie Defendants have violated the Fair Housing Act and civil penalties should be imposed pursuant to 42 U.S.C. § 3614(d)(1)(C), the Court does not find the Defendants' conduct to be of the egregious level that justifies a maximum penalty. Therefore, the Court assesses a civil penalty of $25,000 against Defendants Dan Sheils and Shanrie Company, Inc..

**B.     Injunctive Relief**

Plaintiff also requests that this Court enter additional injunctive relief against the Shanrie Defendants. The Plaintiff asks that this injunction remain in effect for a term of three years.

The Fair Housing Act grants courts the authority to award injunctive relief. The Fair Housing Act states that:

> [The court] may award such preventive relief, including a permanent or temporary injunction, restraining order, or other order against the person responsible for violation of this title as is necessary to assure the full enjoyment of the rights granted by this title.

42 U.S.C. § 3614(d)(1)(A). Furthermore, the 7th Circuit has upheld the use of preventive injunctive relief in Fair Housing Act cases. **See *United States v. Di***

***Mucci*, 879 F.2d 1488 (7th Cir. 1989)**.

The Court has already ordered Defendants to remedy existing violations at Applegate, but Plaintiff argues that further preventative injunctive relief is necessary in order to ensure the Shanrie Defendants do not violate the Fair Housing Act in the future. (Doc. 197, p. 14). An injunction's purpose is to prevent future illegal conduct, and an injunction will be granted, even without proving past wrongful conduct, if "there exists some cognizable danger of recurrent violation, something more than the mere possibility which serves to keep the case alive." ***United States v. W.T. Grant Co.*, 345 U.S. 629, 633 (1953)**.

Here, there is a danger that the Shanrie Defendants' actions will be repeated. The Shanrie Defendants made Applegate inaccessible even after being informed that they might face litigation and continued construction on Building 6 after the lawsuit was filed. They have dragged their feet on complying with the Court's Remedial Order, failing to meet deadlines on several items listed in the Order. Sheils claims that he will not be building any more apartment complexes, but there is no proof that he will be removing himself from the management of the existing complexes. Given the prior history and conduct in the course of this ligation and complying with the Court's Remedial Order, there is a danger that the Shanrie Defendant's actions will be repeated. Therefore, Shanrie Co., Inc., and Dan Sheils are hereby enjoined as follows:

1. Defendants shall be enjoined against violating the FHA;

2. Defendants shall require their design professionals to certify that the design plans for future covered multifamily dwellings comply with the requirements of the FHA;

3. Defendants shall ensure that their agents and employees read and understand the terms of the Court's injunctive relief, and that the Defendants, as well as certain agents and employees, shall receive FHA training;

4. Defendants shall display a notice in their sales or rental offices for covered multifamily dwellings indicating that all dwellings are available for rental on a nondiscriminatory basis, as well as include in advertising for existing or future complexes a statement that the dwelling units include accessible features required by the FHA; and

5. Defendants shall maintain, and provide to the United States upon request, records related to the training and education requirements, records related to certain covered multifamily dwellings, and also report to the United States regarding any future housing-discrimination complaints.

This injunction will remain in effect for a term of three years.

### III. Conclusion

While the Court does find that civil penalties in this case are warranted, the Court does not find that the Shanrie Defendant's actions were of the egregious

level that justifies a maximum penalty. Therefore, Plainitt's motion for civil penalties and injunctive relief against defendants Dan Sheils and Shanrie Company, Inc., is hereby **GRANTED IN PART AND DENIED IN PART**. Therefore, Defendants Dan Sheils and Shanrie Company are assessed a civil penalty of **$25,000**. The Court also **GRANTS** injunctive relief against Dan Sheils and Shanrie Company as proscribed in the above order to remain in effect for a term of three years.

    **IT IS SO ORDERED.**

    Signed this 30th day of September, 2008.

                                                     /s/   DavidRHerndon
                                                   **Chief Judge**
                                                   **United States District Court**