IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

**Plaintiffs,**

**v.**

**SHANRIE CO., INC., DAN SHEILS,
NETEMEYER ENGINEERING
ASSOCIATES, INC., AND THOUVENOT
WADE & MOERCHEN. INC.,**

**Defendant,**                                         No. 05-306-DRH

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

### I. INTRODUCTION

Before the Court is **Defendant Thouvenot Wade & Moerchen, Inc.'s (TWM) Motion Pursuant to 28 U.S.C. § 2412, Equal Access to Justice Act, Application for Fees and Other Expenses** (Doc. 189) and **Bill of Costs** (Doc. 183). The United States of America has filed a response in opposition to the motion for costs, arguing that Defendant is not entitled to costs and objecting to various costs listed in Defendant's Bill of Costs (Doc. 191). On August 21, 2008, the Court heard oral arguments in regards to Defendant TWM's Motion for Fees and other Expenses (Doc. 189) and Motion for Costs (Doc. 183).

## II. ANALYSIS

**B. Plaintiffs' Motion for Attorney's Fees**

Defendant TWM has moved, pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 54(d)** and **28 U.S.C. § 2412**, **Equal Access to Justice Act ("EAJA"),** for an award of attorney's fees in the amount of $ 199,397.53. The Court finds that pursuant to EAJA, Defendant TWM is entitled to $ 199,397.53 in attorney fees and expenses.

It is a general rule in the United States that in the absence of legislation providing otherwise, litigants must pay their own attorney's fees. *Alyeska Pipeline Co. v. Wilderness Society*, **421 U.S. 240 (1975)**. Defendant argues that it is entitled to recover its attorneys' fees and other non-taxable expenses under **28 U.S.C. § 2412**. The EAJA provides in part that "a court may award reasonable fees and expenses of attorneys...to the prevailing party in any civil action brought by or against the United States..." **28 U.S.C. § 2412(b)**. Under the EAJA, the court may award attorney's fees where:

> 1) the claimant is a prevailing party; 2) the government's position was not substantially justified; 3) no special circumstances make an award unjust; and 4) the fee application is submitted to the court within 30 days of final judgment and is supported by an itemized statement.

*United States of America v. Hallmark Construction Company*, **200 F.3d 1076, 1078-79 (7th Cir. 2000).** Further, the Fair Housing Act provides that a prevailing defendant in an action under 42 U.S.C. § 3614(a) may recover reasonable attorney's fees and costs from the United States to the extent provided by the EAJA. **42 U.S.C. § 3614(d)(2)**.

In this case, the Court finds that Defendant is entitled to recover its attorney's fees. Defendant certainly is a prevailing party, as the jury returned a verdict in its favor against the Plaintiff. Upon reviewing the evidence, Plaintiff's position was not substantially justified and the jury ruled accordingly. Furthermore, Defendant has met the requirements of **28 U.S.C. § 2412(d)(2)(B)** and has filed a timely application for attorney's fees under **28 U.S.C. § 2412(d)(1)(B)**.

Plaintiff, however, argues that while Defendant may be a prevailing party under the EAJA, it is not entitled to attorney's fees and expenses because it has not incurred such costs. Plaintiff argues that while the EAJA provides for a discretionary award to a prevailing party, such an award is limited to reimbursement for the costs incurred by such party, and TWM has failed to show that it, rather than its insurer, has incurred such costs. **(Doc. 191, p. 2)**. Plaintiffs rely heavily on ***SEC v. Comserv, Corp., et al*, 908 F.2d 1407 (8th Cir. 1990)**, and the cases that apply it, for their proposition that TWM has not incurred expenses. **See also *United States v. Hodgekins*, 832 F. Supp. 1255, 1261-62 (N.D. Ind. 1993), *United States v. Telegraph Park P'Ship*, C.A.No. 4:94CV00758 (E.D. Mo. Oct. 23, 1997)** In *Comserv*, the defendant was denied expenses because his employer corporation was legally obligated to pay his attorney fees under a severance agreement. The Court rejects this argument.

While the Seventh Circuit has yet to address this issue, this Court agrees with the thoughtful analysis set forth in ***Ed. A. Wilson., Inc. v. General Services***

***Administration,* 126 F.3d 1406 (Fed. Cir. 1997)**. In awarding attorney's fees to a party whose expenses had been covered by its liability insurance, the Federal Circuit determined that the prevailing party had in fact incurred attorney fees, prepaying for those fees through its insurance premiums. ***Id.* at n.4.** The Court also distinguished its decision from that in *Comserv* due to the increased premiums incurred by the prevailing party. ***Id.* at 1411.** The Federal Circuit found that this interpretation of statutory language fit within the purpose of the statute, which was to diminish the deterrent effect and financial disincentives of defending against government action. ***Id.* at 1409-10.** It was the threat of increased premiums that led to the deterrent effect the Act was designed to prevent because a party would have to decide whether fighting a government action was worth the threat of increased premiums. ***Id.* at 1411.** As the court noted, to deny a party "which in its keen acumen has obtained insurance to insulate itself from liability for accidents during contract performance…an award of fees for attorney services that it procured as part of its policy would thwart the Act's purpose of deterring unreasonable governmental action." ***Id.* at 1410.**

Here, TWM's situation is similar to *Wilson*. TWM has incurred legal fees by paying for those services in the form of premiums. Furthermore, TWM was faced with a financial disincentive to litigating against the government action due to the threat of increased premiums. Therefore, the Court finds that TWM has incurred legal fees under **28 U.S.C. § 2412.** Further, the Court finds that the rates Defendant

TWM's counsel charges are reasonable and as such, the Court awards TWM $ 199,397.53 in attorney's fees.

**B. Plaintiffs' Bill of Costs**

Defendant TWM has moved, pursuant to **Federal Rule of Civil Procedure 54(d)** and **Local Civil Rule 54.2**, for an award of costs as set forth in the Bill of Costs (Doc. 183):

| | | | |
|---|---|---|---|
| (1) | Fees for service of summons and subpoena | $ | 381.74 |
| (2) | Fees of court reporter for all/part of transcript obtained for use in case | | $ 5,421.92 |
| (3) | Fees for exemplification and copies of papers for use in the case | | $ 2,123.21 |
| (4) | Compensation of court-appointed experts | $ | 866.65 |
| | **TOTAL:** | | **$ 8,793.52** |

The Court first notes that the invoices provided total $2,600 in compensation for the two experts rather than $866.65 as listed in Defendant TWM's bill of costs. (See Doc. 183, Ex. A pp. 1, 26-27). Further, the Court notes that a calculation of the invoices total $6,120.32 in fees of court reporters rather than $5,421.92 as listed in Defendant TWM's bill of costs. (See Doc. 183, Ex. A pp. 1, 6-21).

First, Plaintiff's contend that Defendants are not entitled to costs because they have not incurred costs for the purposes of the Equal Access to Justice Act, 28

U.S.C. § 2412.  **(Doc. 191, p. 2)**.  The Court has already discussed and rejected Plaintiff's argument in Part A of this order.

Plaintiff also objects to two items within Defendants' Bill of Costs: 1) fees for compensation of Plaintiff's expert witnesses Bill Hecker and Gina Hilberry during their respective depositions, and 2) court reporter fees.

**1. Compensation of Court-Appointed Experts**

Plaintiff contends that it should not have to pay for compensation of experts because the experts were not appointed by the Court.  The Court again notes that the invoices provided total $2,600 in deposition fees of the two experts rather than $866.65 as listed in Defendant TWM's bill of costs.  (See Doc. 183, Ex. A pp. 1, 26-27).

Under 28 U.S.C. § 1920, the prevailing party can recover costs for, among other things, "compensation of court appointed experts."  28 U.S.C. § 1920(6).  28 U.S.C. § 1920 (6), along with 28 U.S.C. § 1821 allow expert witnesses a modest attendance fee plus travel and subsistence, but additional amounts paid to expert witnesses cannot be taxed as costs.  ***Chicago College of Osteopathic Medicine v. George A. Fuller Co.*, 801 F.2d 908, 910 (7th Cir. 1986)**.  However, fees of experts, other than those appointed by the court, can not be taxed as a cost.  **See *Chicago College of Osteopathic Medicine*, 801 F.2d at 910 (finding that while 1920(6) provides for costs of compensating court appointed experts, the party's expert was not appointed by the court and thus the prevailing party was not**

**entitled to tax the cost).**

Here, Bill Hecker and Gina Hilberry were expert witnesses retained by the United States, not the Court. Therefore, expenses incurred by TWM during the depositions of Hecker and Hilberry can not be recovered and the Court will disallow these costs.

**2. Fees for Court Reporter**

Plaintiff also objects to the fees for court reporters submitted on Defendant TWM's bill of costs on three grounds.

First, Plaintiff argues that there is a calculation error by the court reporter in regards to the deposition of expert Gina Hilberry. (Doc. 183, Ex. A p. 20). Plaintiff is correct that there is a calculation error on the invoice. The reporter charged $270.10 for a copy of the transcript, $10.00 for one ASCII Disk, $11.75 for photocopies of exhibits, and $6.00 for delivery. Adding those items together, the total sum of the invoice should be $297.85 ($270.10 + $10.00 +$11.75 + $6.00). This results in an overcharge on the invoice of $9.90. Therefore, the maximum amount that could possibly be recovered would be $297.85.

Plaintiff also objects to court reporter invoices billed to the counsel of Defendants Shanrie and Sheils in the amount of $2,022.35 related to the depositions of Bill Hecker and Gina Hilberry. Plaintiff argues that such costs were not billed to TWM and TWM has failed to prove that it incurred those costs. The invoices were addressed to Kitay Law Office, the attorney for Defendants Shanrie and Sheils. (Doc. 183, Ex. A pp. 19, 21). Defendant TWM has failed to explain how it incurred court

reporter costs that were billed to the attorney for Defendants Shanrie and Sheils. Furthermore, Defendant TWM has already submitted an invoice billed to TWM's lawyers for copies of transcripts related to the deposition of Gina Hilberry (Doc. 183, Ex. A p. 20) and is not entitled to seek duplicate costs that were billed to Shanrie and Sheils' attorney. Therefore, the Court will disallow the $2,022.35 taxed as costs in association with depositions of Gina Hilberry and Bill Hecker.

Plaintiff next objects to charges of $175.00 (objected to $205.00 which included the costs associated with the Hecker and Hilberry depositions) associated with ASCII disks, in addition to transcript copies, for each deposition. ASCII are merely for the convenience of the party's and are not taxable as costs. ***Ochana v. Flores*, 206 F. Supp. 2d 941, 945 (N.D. Ill 2002) (citing *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 946 (7th Cir. 1997) (party acknowledged that ASCII disks of transcripts were not taxable as costs))**. Therefore the Court will disallow $175.00 for ASCII disks.

Plaintiff further objects to charges totaling $81.00 (Plaintiff's motion listed $102.00 which included costs billed to the Shanrie Defendants' lawyers for the Hecker and Hilberry depositions) for delivery of deposition transcripts. Under Judicial Conference Guidelines, costs of delivery of transcripts are considered ordinary business expenses and are generally not recoverable. ***Alexander v. CIT Tech. Fin. Servs.*, 222 F. Supp. 2d 1087, 1091 (N.D. Ill. 2002); See also COURT REPORTER MANUAL, ch. 20, pt. 20.9.4**. Therefore, the court will disallow the

$81.00 for delivery of deposition transcripts.

Plaintiff does not dispute any of the other costs contained within the bill of costs. Therefore, the Court will let these costs stand. The Court finds the following amended amounts are taxable against Plaintiff:

| | | |
|---|---|---:|
| (1) | Fees for service of summons and subpoena | $ 381.74 |
| (2) | Fees of court reporter for all/part of transcript obtained for use in case | $ 3,832.07 |
| (3) | Fees for exemplification and copies of papers for use in the case | $ 2,123.21 |
| (4) | Compensation of court-appointed experts | $ 0 |
| **TOTAL:** | | **$ 6,337.02** |

## III. <u>CONCLUSION</u>

The Court finds that Defendant TWM is entitled to attorney's fees in this case under 28 U.S.C. § 2412 because Defendant TWM has incurred fees under the statutory provision. Therefore, the Defendant's motion for attorney's fees (Doc. 189) is **GRANTED**. Accordingly, the Court awards Defendant TWM **$199,397.53** in attorney's fees.

Furthermore, the amount of taxable costs as stated in Defendant's original Bill of Costs has hereby been amended by the Court. Accordingly, Defendant's Bill of Costs (Doc. 205) is hereby **GRANTED IN PART AND DENIED IN PART**, as the Court has determined certain costs are taxable but

not in the amount originally requested by Defendant. The Court awards Defendant TWM **$ 6,337.02** in costs.

**IT IS SO ORDERED**.

Signed this 30th day of September, 2008.

/s/ David R Herndon
**Chief Judge
United States District Court**