# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**SHANRIE CO., INC.,**
**DAN SHEILS,**
**NETEMEYER ENGINEERING**
**ASSOCIATES, INC, AND THOUVENOT,**
**WADE & MOERCHEN, INC.,**                    **No. 05-306-DRH**

**Defendant.**

## ORDER

**HERNDON, Chief Judge:**

### I. Background

Before the Court is the United States Motion to Set Aside October 2, 2008 Order. (Doc. 210). On July 9, 2008, the Court issued an order granting the United States' motion for extension of time to file their response to TWM's motion for attorneys fees until 10 days after the Court entered an order on TWM's motion for bill of costs. (Doc. 193). On August 1, 2008, the Court issued its Notice of Hearing, modifying its earlier order granting the Shanrie Defendants' motion for a hearing on civil penalties and adding TWM's motions for costs and attorney's fees among the motions to be heard. The Court heard oral arguments on all pending motions on August 21, 2008.

Pursuant to the August 21, 2008 hearing, the Court issued its Order, granting TWM's motion for attorney's fees and granting in part and denying in part TWM's

motion for costs.  (Doc. 204).  The Court also issued an Order stating that the July 9, 2008 Extension Order had been waived at the hearing because Counsel for the United States stated that arguments would be the same on the fee issue, but the United States would submit further briefing on the fee issue if necessary, and the Court did not find further briefing necessary.  (Doc. 205).

In response to the Court's Order, the United States filed a motion to set aside the October 2, 2008 Order.  (Doc. 205).  TWM has responded to the United States' motion.  (Doc. 212).  The United States has filed a reply.  (Doc. 213).  After careful consideration of the motions, the Court **GRANTS** the Government's motion to set aside the October 2, 2008 Extension Order.  (Docs. 210, 205).

## II.  Analysis

The United States has filed its motion to set aside the October 2, 2008 Order pursuant to Rule 60(a) and 60(b)(1).  Rule 60(a) allows a court to "correct a…mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record."  **Fed. R. Civ. P. 60(a)**.  Further, Rule 60(b)(1) allows the court to "relieve a party or its legal representative from a final judgment, order, or proceeding" for "mistake, inadvertence, surprise, or excusable neglect."  **Fed. R. Civ. P. 60(b)(1).**

The United States argues that no reference was made at the August 21, 2008 hearing and that the United States was unaware that the extension had been waived until it received the Court's Waiver Order.  The United States further argues that

additional briefing is needed on the "substantially justified" prong which was not previously briefed by either party and which the United States noted in the August 21, 2008 hearing that it would brief if necessary.

However, TWM argues that the United States had full opportunity to argue its position on the motion for attorney's fees. TWM notes that the United States conceded that a majority of its arguments in its lengthy opposition to TWM's Bill of Costs are the same as those posed in opposition to TWM's Motion for Attorney Fees. Further, the United States had an opportunity to present a full argument in opposition to TWM's Motion for Attorney's Fees to the Court in the August 21, 2008 hearing. TWM also argues that there is no indication that further briefing would present any new arguments or change the Court's previous ruling.

After careful consideration of both the United States and TWM's arguments regarding the October 2, 2008 Waiver Order, the Court acknowledges the United States' argument that waiver of the extension order was not specifically discussed at the August 21, 2008 hearing. Although the Court believed that the United States, by promising to brief the arguments for attorney's fees "if necessary", was an implied waiver of their extension of time, the United States is correct that a formal waiver of that extension was not discussed during the proceedings.

### III.  Conclusion

Therefore, the Court **GRANTS** the United State's Motion to Set Aside October 2, 2008 Order (Doc. 205).  The October 2, 2008 Waiver Order (Doc. 205) will be vacated.

**IT IS SO ORDERED.**

Signed this 3rd day of November, 2008.

/s/      *David R Herndon*
**Chief Judge**
**United States District Court**