**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**SHANRIE CO., INC., DAN SHEILS,
NETEMEYER ENGINEERING
ASSOCIATES, INC., and THOEVENOT,
WADE & MOERCHEN, INC.**                    **No.05-CV-306-DRH**

**Defendant.**

## ORDER

**HERNDON, Chief Judge:**

On October 17, 2008, Defendants Shanrie Co., Inc. and Dan Sheils filed a Motion for Order to Show Cause (Doc. 215). Defendant Netemeyer filed a response to the motion (Doc. 225). On November 25, 2008, the Court had a hearing regarding Netemeyer's participation in the Court ordered retrofits. The Court also heard requests from Defendants Shanrie and Sheils regarding the purchase of grab bars which were a requirement of the April 10, 2008 order. The Court took both sides' arguments under advisement. Having considered the arguments on both sides, while the Court finds that an order of contempt is unwarranted, the Court will instead establish deadlines regarding the payment of the ordered retrofits. In establishing these deadlines, the Court is exercising its supervisory authority to assure compliance with its remedial order of April 10, 2008, including the deadlines contained therein, and to make certain the public interest is protected. Therefore,

the Court orders the following:

1. The Court finds that the parties agreed to an initial payment of $50,000.00 from Defendant Netemeyer to Defendants Shanrie Co., Inc. and Dan Sheils . Defendant Netemeyer  shall pay the $50,000 by November 26, 2008.

2. Defendants Shanrie and Sheils shall provide Defendant Netemeyer with receipts for materials and labor costs for completed work up-to-date by, on, or before December 5, 2008.  The receipts should be itemized, detailed, and on a per unit basis, with common areas separately designated.

3. Defendant Netemeyer shall provide any specific and detailed objections based on reasonableness to Defendants Shanrie and Sheils within ten (10) days of the receipt of the itemized receipts.

4. The parties shall have five (5) days thereafter to meet to resolve their disagreement over what is "reasonable" in regards to the retrofits.

5. If the parties cannot agree, the parties shall simultaneously submit written briefs outlining in detail their respective positions within ten (10) days thereafter and reply briefs to the opposing parties five (5) days thereafter.  The Court will only hear oral arguments if it finds the written briefs are deficient.  The Government may file a brief if it desires.  The Court reserves the authority to appoint a consulting expert at a cost to be shared by the parties (Shanrie and Sheils to pay half and

Netemeyer to pay half).

6.      Thereafter, Defendants Shanrie and Sheils shall provide an invoice to Defendant Netemeyer for every unit completed until the project is completed.  Any common area retrofits shall be invoiced in a like manner.  All invoices shall be itemized and detailed.  All invoices shall be paid within ten (10) days of receipt and shall be sent to Defendant Netemeyer by certified mail with a return receipt requested.  Payment shall, likewise, be conveyed by certified mail with return receipt requested or by wire transfer, fees borne by Netemeyer.  The Court notes that based on the determination of the reasonable per unit cost established through the aforementioned procedure, it presumes that reasonableness shall not be an issue for subsequent invoices.  However, for invoices that carry extraordinary charges for which good faith reasonableness issues are at stake, the same procedures outlined above apply.

The Court notes that if any deadline set out above falls on a weekend or court holiday the next court day will automatically become the deadline.  The parties are further ordered to report compliance with these milestones to the Court's email address at: drhpd@ilsd.uscourts.gov

If Defendant Netemeyer wishes to pay a larger sum of money, it may, of course, make payments in advance and Defendants Shanrie and Sheils shall provide itemized and detailed invoices on a per unit basis within five (5) days of the

completion of each unit or common area.

With regard to the grab bar issue, Defendants Shanrie and Sheils shall not have to increase their inventory at this time, but must maintain the inventory at its current level (10 pair) until the end of the retrofitting project at which time it must report to the Court how many grab bars have been requested and installed. At that time, the Court will determine if the Order shall be fully complied with or if the current inventory will be sufficient to meet the needs of the public. Should it come to light that any person requested grab bars but Defendants Shanrie and Sheils refused or failed to comply with that request, the Court will order the immediate payment of $10,000 as a sanction, plus the full compliance with the previous order.

**IT IS SO ORDERED.**

Signed this 25th day of November, 2008.

/s/      *David R Herndon*

**Chief Judge**
**United States District Court**